**HENNINGS v. UNITED STATES.**

(Circuit Court of Appeals, Fifth Circuit. May 12, 1926.)

No. 4714.

Treaties ⬉8—American-British treaty of May 22, 1924, held not to extend United States criminal laws beyond 3-mile limit, and seizure of vessel 20 miles from shore without any speed boats in her vicinity, was unlawful (43 Stat. 1761; Rev. St. § 3450 [Comp. St. § 6352]).

The British-American liquor convention of May 22, 1924, does not extend criminal laws

of United States beyond 3-mile limit, and hence, where British schooner, not shown to have made contract with shore, was about 20 miles from shore, without any speed boats or any other small craft in her vicinity, seizure of vessel for alleged violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) and violation of customs laws (Rev. St. § 3450 [Comp. St. § 6352]) was unlawful.

In Error to the District Court of the United States for the Southern District of Alabama; Robert T. Ervin, Judge.

John B. Hennings, alias John B. Henning, was convicted of possessing, transporting, and importing intoxicating liquor in violation of the National Prohibition Act, and with depositing and concealing same liquor in violation of customs laws, particularly Rev. St. § 3450, and he brings error. Reversed.

For opinion below, see 7 F.(2d) 488.

Vincent F. Kilborn, of Mobile, Ala. (Outlaw, Kilborn & Smith, of Mobile, Ala., on the brief), for plaintiff in error.

Aubrey Boyles, U. S. Atty., of Mobile, Ala.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error was convicted on four counts of an information charging him and five others with possession, transportation, and importation of intoxicating liquor in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and with depositing and concealing the same liquor in violation of the customs laws, particularly Revised Statutes, § 3450 (Comp. St. § 6352).

Error is assigned to the refusal to direct a verdict in his favor at the close of the case. Other errors are assigned; but, as the ruling on the motion to direct brings up the whole case on both the law and the facts, they need not be considered.

The material and undisputed facts are these: Plaintiff in error was the master of the British auxiliary schooner Frances E. On April 24, 1925, the vessel was at anchor 8.4 miles west of Sea Horse Reef Bell Buoy in the Gulf of Mexico, off the coast of Florida, and about 16 or 17 nautical miles from the nearest land, which was a small key, and she was over 20 miles from the shore. She had cleared from Havana, Cuba, for Truxillo, Honduras, with a cargo of 3,600 quarts of liquor, according to her manifest. She was some 700 miles off the course which a vessel would take in going from Havana to Truxillo, and had not been obliged to deviate by any unusual stress of weather. At the time and place

aforesaid she was seized by the commanding officer of the revenue cutter, Saukee, and then had on board about 3,030 quarts of liquor. Under the most favorable conditions the Frances E. could not make more than 12 knots an hour. There were no speed boats or other small craft in her vicinity, and it was not shown that she had made contact with the shore, nor that any sales or deliveries of liquor had been made from the vessel.

It is contended on behalf of the United States that the British-American liquor convention of May 22, 1924 (43 Stat. 1761), is self-executing, has the force and effect of a statute, extends the territorial waters within its terms, and therefore the criminal laws of the United States dealing with liquor are in force in said territory, without the need of any additional statute to make them effective. This theory found favor with the District Court. United States v. Henning, 7 F.(2d) 488. But it is only fair to say that we are advised that that court has since receded from the position then taken.

The British-American convention of May 22, 1924, was undoubtedly intended to facilitate the United States in the administration of the prohibition and customs laws; and it may be conceded that a treaty may be self-acting, is coequal with an act of Congress, and is to be construed by the same rules. It may be further conceded arguendo that a treaty may extend a criminal statute over territory or persons not theretofore covered by statute. But the answer to the government's contention is that the treaty relied upon does not attempt to extend the criminal laws of the United States beyond the three mile limit. Extended argument is unnecessary to demonstrate this, and it is needless to set out the pertinent parts of the treaty in hæc verba for the purpose of discussion.

Article 1 of the treaty reaffirms the rule that the territorial waters of a country extend outward from the coast line for 3 miles, and declares the intention of the high contracting parties to uphold that principle. Article 2 permits the boarding of a British vessel outside the limits of the territorial waters by the authorities of the United States and the examination of her papers, for the purpose of ascertaining whether the vessel or those on board are endeavoring to import or have imported alcoholic beverages into the United States in violation of her laws. When such inquiry shows reasonable grounds for suspicion, the vessel may be searched. If the search develops reasonable cause for belief that the vessel has committed, or is committing, or is attempting to commit, an offense

against the laws of the United States, she may be seized and taken into port for adjudication in accordance with such laws. These rights may not be exercised unless the vessel is found at a point off the coast at no greater distance than may be traversed by the vessel, or small boats by which the liquor is intended to be introduced into the country, in one hour's time.

There is nothing in the treaty from which it could be reasonably inferred that it was the intention of the high contracting parties to extend the criminal laws of the United States beyond the three mile limit. The vessel may be seized if those on board have violated any law within the territorial jurisdiction of the United States that would subject her to forfeiture. Except as to provisions relative to sea stores and compensation for loss occasioned by improper acts, not germane to the subject here under discussion, that is the extent of the agreement.

These views find support in the following well-considered cases: The Over the Top (D. C.) 5 F.(2d) 838; The Panama (D. C.) 6 F. (2d) 326; The Sagatind (C. C. A. 2d Circuit) 11 F.(2d) 673. Cases dealing with seizures under the customs laws for offenses within the 12-mile limit are not in point.

On the facts shown plaintiff in error was entitled to an acquittal. It was error not to direct a verdict in his favor.

Reversed.